STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2006 JUN -1 A 10: 03

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-05-292

BRANDON WEYMOUTH,

Petitioner

v.

STATE OF MAINE,

Respondent

DECISION ON PETITION
FOR POST-CONVICTION
REVIEW

This matter came before the court on the petition of Brandon Weymouth for post-conviction review pursuant to 15 M.R.S.A. §§ 2121-2130. Weymouth seeks a review of his conviction after he entered guilty pleas on a variety of criminal charges following an inquiry pursuant to M.R. Crim. P. 11. Petitioner was then sentenced to the Department of Corrections for a period of three years on five of the counts concurrently, with other concurrent sentences on the remaining counts. In his amended petition, Weymouth alleges two grounds for post-conviction review:

(1) ineffective assistance of counsel in that his former attorney failed to investigate petitioner's history of substance abuse and mental illness, failed to present information on such at the time of sentencing and failed to request a presentence investigation; and

(2) that petitioner's guilty plea was involuntary because he was pressured by his attorney without adequately explaining what other options were available.

The court has conducted an evidentiary hearing with regard to the petition and the evidence consists of the testimony at that hearing, plus the pleadings and exhibits introduced at the hearing, and a transcript of the Rule 11 proceeding. The court has fully considered all of this evidence and, as a result, denies the petition.

## Discussion

The petitioner's first ground concerns the performance of his attorney and the quality of that performance. In examining the question of effective assistance of counsel in the context of a plea, the court must consider first whether that performance was below the performance of an ordinary fallible attorney, and, secondly, whether the petitioner was prejudiced as a result of that performance. The petitioner had to show "... a reasonable probability that [he] would have insisted on going to trial had he not received ineffective assistance of counsel." *Laferriere v. State*, 697 A.2d 1301 (Me. 1997). The burden of proving both prongs of the test is on the petitoner.

With regard to Weymouth's allegation that his attorney failed to present information concerning substance abuse and mental illness, the attorney could have done this only if he was aware that such issues existed. The testimony of the former attorney, which the court found to be credible, indicates that there was no indication at any time from the petitioner that he had any history of mental illness or that this was an issue which should be pursued. With regard to substance abuse, the attorney was aware of the petitioner's alcohol use but had less knowledge concerning the use of other substances. The ordinary fallible attorney could not be expected to present arguments or perform investigations concerning issues of which he has no knowledge. Likewise, the ordinary fallible attorney would not request a presentence investigation in a case in which the sentence recommendation had been fully negotiated and agreed to by the State and the defendant. Therefore, neither of these issues present themselves as a failure in attorney effectiveness.

The second ground of the petition – involuntariness of the plea – seems to focus on the petitioner's testimony that he felt pressured or hurried at the time that he entered his plea, and that he accepted the three-year sentence only because he thought he had

no other choices. However, the testimony of the petitioner's former attorney, the transcript of the Rule 11 proceeding, and, particularly, the exhibits consisting of correspondence from the attorney to the petitioner, all belie this position. In brief, if there was any hurry involved in presenting the plea, it was the result of the petitioner's urging rather than his attorney's.

Even if the petitioner were able to prove ineffectiveness of counsel, he would still have to prove the second prong of the test – requisite prejudice – in order to be successful on his petition. A failure to prove the requisite prejudice would preclude relief regardless of the quality of the attorney's performance. *Brewer v. State*, 1997 ME 177, ¶ 20, 619 A.2d 1139, 1144. Based on the State's exhibits, consisting of correspondence between the petitioner and his attorney, it is clear that the petitioner was interested not only in a quick disposition of all charges but that he was interested in moving the matter quickly to change his classification with enough time left to go through a substance abuse program at the institution where he was incarcerated. As he testified, the petitioner knew that he had to have at least 15 months on his sentence at the time of reclassification in order to have a chance of entering the program. There is no evidence, other than the petitioner's self-serving testimony, to indicate that he would not have pled guilty to the charges had his attorney handled the situation any differently. In a nutshell, the petitioner presents himself as a person who was very involved in his own plea and disposition, but is now suffering from emotions similar to "buyer's remorse" that he did not get a better deal. This is not sufficient to meet the test of the necessary prejudice.

For both reasons stated above, the entry will be:

Petitioner DENIED.

Dated: May 26, 2006

S. Kirk Studstrup
Justice, Superior Court

BRANDON W WEYMOUTH                          SUPERIOR COURT
      vs                                    KENNEBEC, ss.
STATE OF MAINE                              Docket No  AUGSC-CR-2005-00292

                                       **DOCKET RECORD**

PL. DOB: 10/20/1980
PL. ATTY: THOMAS GOODWIN                    State's Attorney: EVERT FOWLE
          STRIKE GOODWIN & O'BRIEN
          400 ALLEN AVENUE
          PORTLAND ME 04103
          APPOINTED 07/23/2004

Filing Document: PETITION                   Major Case Type: POST CONVICTION REVIEW
Filing Date: 06/30/2004

## Charge(s)

## Docket Events:

05/12/2005 FILING DOCUMENT -  PETITION FILED ON 06/30/2004

05/12/2005 Party(s):  BRANDON W WEYMOUTH
           ATTORNEY -  APPOINTED ORDERED ON 07/23/2004

           Attorney:  THOMAS GOODWIN
05/12/2005 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 05/12/2005

12/29/2005 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 05/12/2005

12/29/2005 ORDER -  TRANSCRIPT ORDER FILED ON 05/25/2005

           SENT TO JANETTE COOK
12/29/2005 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 05/27/2005

12/29/2005 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 06/07/2005

           ASSIGNED TO JUSTICE STUDSTRUP
12/29/2005 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 06/09/2005

12/29/2005 OTHER FILING -  TRANSCRIPT FILED ON 06/27/2005

           RULE 11 TRANSCRIPT ON DOCKET NO.CR04-246.
12/29/2005 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 01/19/2006 @ 8:15

12/29/2005 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 12/29/2005

01/23/2006 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 01/19/2006
           S KIRK STUDSTRUP , JUSTICE
01/23/2006 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 01/19/2006
           S KIRK STUDSTRUP , JUSTICE
           COPIES TO COUNSEL.
01/23/2006 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 02/01/2006 @ 9:00

           NOTICE TO PARTIES/COUNSEL
01/23/2006 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 01/24/2006

01/23/2006 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/23/2006

      CERTIFIED COPY TO SHERIFF DEPT.
02/02/2006 WRIT - HABEAS CORPUS TO TESTIFY EXECUTED ON 02/01/2006

02/02/2006 WRIT - HABEAS CORPUS TO TESTIFY RETURNED ON 02/01/2006
      S KIRK STUDSTRUP , JUSTICE
02/02/2006 HEARING - EVIDENTIARY HEARING HELD ON 02/01/2006
      S KIRK STUDSTRUP , JUSTICE
      Attorney: THOMAS GOODWIN
      DA: PAUL RUCHA      Reporter: TAMMY DROUIN
      Defendant Present in Court
02/02/2006 CASE STATUS - CASE FILE LOCATION ON 02/01/2006
      S KIRK STUDSTRUP , JUSTICE
02/02/2006 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 02/01/2006
      S KIRK STUDSTRUP , JUSTICE
06/01/2006 CASE STATUS - CASE FILE RETURNED ON 06/01/2006

06/01/2006 FINDING - DENIED ENTERED BY COURT ON 06/01/2006

A TRUE COPY
ATTEST: _____
                Clerk